MORGAN, LEWIS & BOCKIUS LLP
Kathy H. Gao, Bar No. 259019
Megan McDonough, Bar No. 317402
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501
kathy.gao@morganlewis.com
megan.mcdonough@morganlewis.com

Attorneys for Defendant
General Motors LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ARROYO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company; DARRYL BREWSTER, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:20-cv-00454<br><br>San Bernardino County Superior Court Case No. CIVDS2002275<br><br>**DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446]<br><br>State Action Filed: January 22, 2020 |

**TABLE OF CONTENTS**

**Page**

I.    PLEADINGS, PROCESSES, AND ORDERS .................................................. 1

II.   REMOVAL IS TIMELY .................................................................................. 2

III.  FEDERAL QUESTION JURISDICTION EXISTS ....................................... 2

IV.   DIVERSITY JURISDICTION EXISTS ........................................................ 3

    A.    Complete Diversity of Citizenship Exists.............................................. 4

        1.    Plaintiff Is a Citizen of California. .............................................. 4

        2.    Defendant Is a Citizen of Delaware and Michigan. ................... 5

        3.    Doe Defendants Are Irrelevant for Purposes of Removal.......... 6

        4.    Individual Defendant Brewster Is a Sham Defendant and Must Be Disregarded for Purposes of Removal. ....................... 6

            a.    Plaintiff Fails to State a Claim Against Brewster for Intention Infliction of Emotional Distress........................ 8

    B.    The Amount-in-Controversy Requirement Is Satisfied. ..................... 11

V.    ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ..... 12

VI.   CONCLUSION ............................................................................................ 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Archuleta v. Am. Airlines, Inc.*
    2000 WL 656808 (C.D. Cal. May 12, 2000)................................................................7

*Armstrong v. Church of Scientology Int'l*
    243 F.3d 546 (9th Cir. 2000)...................................................................................5

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)............................................................................................7

*Boon v. Allstate Ins. Co.*
    229 F. Supp. 2d 1016 (C.D. Cal. 2002)..................................................................4

*Dart Cherokee Basin Operating Co., LLC v. Owens*
    135 S. Ct. 547 (2014)..........................................................................................12

*Ethridge v. Harbor House Restaurant*
    861 F.2d 1389 (9th Cir. 1988)..........................................................................2, 3

*Galt G/S v. JSS Scandinavia*
    142 F.3d 1150 (9th Cir. 1998)...........................................................................12

*Gibson v. Chrysler Corp.*
    261 F.3d 927 (9th Cir. 2001)..............................................................................12

*Helgeson v. Am. Int'l Grp., Inc.*
    44 F. Supp. 2d 1091 (S.D. Cal. 1999)..................................................................10

*Hertz Corp. v. Friend*
    559 U.S. 77 (2010).............................................................................................5

*Hunt v. Wash. State Apple Adver. Comm'n*
    432 U.S. 333 (1977) (*superseded by statute on other grounds*)........................12

*Johnson v. Columbia Props. Anchorage, LP*
    437 F.3d 894 (9th Cir. 2006).................................................................................6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*
    199 F. Supp. 2d 993 (C.D. Cal. 2002)..................................................................12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

*Kobos v. Schwan's Home Serv., Inc.*
    2009 WL 2425399 (E.D. Cal. Aug. 7, 2009) ........................................ 8

*Korn v. Polo Ralph Lauren Corp.*
    536 F. Supp. 2d 1199 (E.D. Cal. 2008) ............................................ 11

*Lewis v. Verizon Commc'ns, Inc.*
    627 F.3d 395 (9th Cir. 2010) ............................................................ 4

*McCabe v. Gen. Food Corp.*
    811 F.2d 1336 (9th Cir. 1987) ...................................................... 4, 6

*Medrano v. Genco Supply Chain Solutions*
    2011 WL 92016 (E.D. Cal. Jan. 11, 2011) ........................................ 8

*Morris v. Princess Cruises, Inc.*
    236 F. 3d 1061 (9th Cir. 2001) ........................................................ 6

*Newcombe v. Adolf Coors Co.*
    157 F.3d 686 (9th Cir. 1998) .......................................................... 6

*Ritchey v. Upjohn Drug Co.*
    139 F.3d 1313 (9th Cir. 1998) ........................................................ 7

*TPS Utilicom Serv., Inc. v. AT & T Corp.*
    223 F. Supp. 2d 1089 (C.D. Cal. 2002) ............................................ 7

*U.S. v. Alisal Water Corp.*
    431 F.3d 643 (9th Cir. 2005) ............................................................ 3

*United Computer Systems, Inc. v. AT & T Corp.*
    298 F.3d 756 (2002) ........................................................................ 4

*W. Am. Corp. v. Vaughan Basset Furniture*
    765 F.2d 932 (9th Cir. 1985) ............................................................ 7

*Washington v. Havensa LLC*
    652 F.3d 340 (3d Cir. 2011) ........................................................ 3, 5

**CALIFORNIA CASES**

*Cochran v. Cochran*
    65 Cal. App. 4th 488 (1998) ...................................................... 8, 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

*Fletcher v. W. Nat'l Life Ins. Co.*
    10 Cal. App. 3d 376 (1970) ................................................................. 8, 10

*Hughes v. Pair*
    46 Cal. 4th 1035 (2009) ........................................................................ 8

*Janken v. GM Hughes Electronics*
    46 Cal. App. 4th 55 (1996) ............................................................. 10, 11

*Mueller v. Cnty. of Los Angeles*
    176 Cal. App. 4th 809 (2009) ............................................................. 11

*Newby v. Alto Riviera*
    60 Cal. App. 3d 288 (1976) .................................................................. 8

*Shoemaker v. Myers*
    52 Cal. 3d 1 (1990) ............................................................................ 11

**FEDERAL STATUTES**

28 U.S.C.
    § 1331, ................................................................................... 12, 3
    § 1332 ...................................................................................... 1, 3, 4
    § 1332(a) ..................................................................................... 4, 11
    § 1332(c)(1) ................................................................................... 5, 6
    § 1367 ............................................................................................... 1
    § 1367(a) ......................................................................................... 3
    § 1441 ............................................................................................... 1
    § 1441(a) ........................................................................ 2, 3, 4, 6, 12
    § 1441(b) ............................................................................. 2, 3, 4, 6
    § 1446 ............................................................................................... 1
    § 1446(b)(2)(A) ................................................................................ 2
    § 1446(d) ......................................................................................... 13

29 C.F.R. § 825.100 ................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ............................................................................ 7

**STATE STATUTES**

California Government Code
    § 12940(A) ........................................................................................ 1
    § 12940(h) ........................................................................................ 1
    § 12940(k) ........................................................................................ 1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant General Motors LLC ("Defendant" or "GM"), hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino, Case No. CIVDS2002275, to the United States District Court for the Central District of California.  Removal is based on the following grounds:

## I.   PLEADINGS, PROCESSES, AND ORDERS

1.      On or about January 22, 2020, Plaintiff Frank Arroyo ("Plaintiff" or "Arroyo") commenced this action in the Superior Court of the State of California for County of Los Angeles, entitled *Frank Arroyo vs. General Motors LLC; Darryl Brewster; and Does 1 through 25, inclusive*; Case No. CIVDS2002275 (the "Complaint").

2.      Plaintiff's Complaint lists eight causes of action:  (1) Wrongful Termination in Violation of Public Policy; (2) Disability Discrimination in Violation of the FEHA in Violation of Government Code Section 12940(A); (3) Failure to Accommodate in Violation of the FEHA; (4) Failure to Engage in the Interactive Process in Violation of the FEHA; (5) Failure to Prevent Discrimination in Violation of Government Code Section 12940(k); (6) Unlawful Retaliation in Violation of Government Code Section 12940(h); (7) Discrimination and Retaliation in Violation of The Family and Medical Leave Act; and (8) Intentional Infliction of Emotional Distress.

3.      On February 4, 2020, Plaintiff served Defendant with a copy of the Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, and Notice of Trial Setting Conference.  A copy of the documents served on Defendant are attached to the Declaration of Kathy H. Gao ("Gao Decl.") as **Exhibit A.**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

4.      On information and belief, Defendant is informed that Plaintiff served the Complaint on individual defendant, Darryl Brewster ("Brewster"), after Plaintiff served Defendant.  However, because Brewster is not a properly joined defendant, as explained further below, Defendant is the only properly joined defendant for purposes of consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

5.      On March 4, 2020, Defendant filed an Answer to the Complaint in San Bernardino County Superior Court.  A copy of Defendant's Answer is attached to the Gao Decl. as **Exhibit B**.

6.      **Exhibits A** and **B** constitute all the pleadings, process, and orders served upon or by Defendant in the Superior Court action.

## II.    REMOVAL IS TIMELY

7.      Without conceding that service of the Summons and Complaint was effective for purposes of 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within thirty (30) days of completion of service and within one (1) year of the commencement of this action.  Plaintiff served the registered agent for Defendant on February 4, 2020.  No previous notice of removal has been filed or made with this Court for the relief sought herein.

## III.   FEDERAL QUESTION JURISDICTION EXISTS

8.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to, *inter alia*, 28 U.S.C. § 1441(a).

9.      Federal question jurisdiction exists under 28 U.S.C. § 1331 where the Complaint asserts a claim "arising under the Constitution, laws, or treatises of the United States."  *See* 28 U.S.C. § 1331; *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393-94 (9th Cir. 1988) ("[w]hen a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court").  The presence or

absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, which provides that federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 1394.

10.     Here, Plaintiff's Complaint alleges discrimination and retaliation in violation of the Family and Medical Leave Act ("FMLA"), a federal statute. Because claims arising under federal statutes such as FMLA confer federal question jurisdiction, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331.  *See*, *e.g.*, *U.S. v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005) ("[a]s a general matter, federal courts have subject matter jusridiction over civil actions 'arising under the Constitution, laws, or treatises of the United States.") (citing 28 U.S.C. § 1331); *Amante v. VWR Int,'l, LLC*, 2013 WL 5187075, at *1 (N.D. Cal. Sept. 16, 2013) ("[b]ecause Plaintiff concedes that her Complaint alleges a federal claim – violation of 29 C.F.R. Section 825.100, the Family and Medical Leave Act ('FMLA') – removal was proper under 28 U.S.C. Section 1331, which confers original jurisdiction over all civil actions arising under the Constitution, laws, or treatises of the United States").

11.     Plaintiff's state law claims arise out of the same case or controversy as his federal claims because all of Plaintiff's claims relate to the events surrounding his termination.  Therefore, pursuant to 28 U.S.C. § 1367(a), this Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV.   DIVERSITY JURISDICTION EXISTS

12.     Additionally, this action is a civil action over which the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441(a) and (b) in that the amount in controversy exceeds $75,000,[1] exclusive of interest and costs, the action

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's references to specific or estimated damage amounts are provided solely for establishing that the amount in controversy is more likely than not in excess

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

involves citizens of different states, and no properly joined defendant is a citizen of California.  As shown below, individual defendant Brewster is a "sham" defendant and his citizenship may be disregarded for purposes of establishing diversity.

### A.    Complete Diversity of Citizenship Exists

13.    A case may be heard in federal court under diversity jurisdiction if there is complete diversity, *i.e.*, all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a)-(b).  The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes.  *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756 (2002) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988)) (holding that "[a]lthough the usual rule is that all defendants in an action in a state court must join in a petition for removal…the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties[.]'").

14.    Here, disregarding the improperly and fraudulently joined individual defendant Brewster, all requirements are met because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Michigan.

### 1.    Plaintiff Is a Citizen of California.

15.    "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes

---

of the jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and Defendant is not liable to Plaintiff whatsoever, or in any amount.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

1   of diversity of citizenship jurisdiction, citizenship is determined by the individual's
2   domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology*
3   *Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th
4   Cir. 1986)).  Evidence of continuing residence creates a presumption of domicile.
5   *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).  According to
6   Defendant's payroll and personnel records, Plaintiff's home address during his
7   entire employment was in California, and Plaintiff was domiciled in California
8   since at least May 8, 2018.  (*See* Declaration of Nathan Ogg ("Ogg Decl."), ¶ 3.)  In
9   addition, Plaintiff alleges that at all times relevant to this action, Plaintiff was, and
10  still is, a resident of the County of San Bernardino, California.  (Compl., ¶ 1.)
11  Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

12                    **2.      Defendant Is a Citizen of Delaware and Michigan.**

13          16.     For diversity purposes, a corporation is a citizen of "every State and
14  foreign state by which it has been incorporated" as well as "the State or foreign
15  state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The
16  "principal place of business" for the purpose of determining diversity subject matter
17  jurisdiction refers to "the place where a corporation's officers direct, control, and
18  coordinate the corporation's activities . . . . [I]n practice it should normally be the
19  place where the corporation maintains its headquarters-provided that the
20  headquarters is the actual center of direction, control, and coordination, *i.e.*, the
21  'nerve center,' and not simply an office where the corporation holds its board
22  meetings . . . ."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

23          17.     Here, Plaintiff pleads that Defendant is a Delaware limited liability
24  company.  (Compl., ¶ 2.)  Defendant is incorporated under the laws of Delaware[2]
25  and has its principal place of business in Detroit, Michigan.  (*See* Ogg Decl., ¶ 2.)
26  Defendant's sole member – General Motors Holdings LLC – also is incorporated in

27
28  ---
    [2] This fact is confirmed by the California Secretary of State's website: *see*
    https://businesssearch.sos.ca.gov/ (searching General Motors LLC)

Delaware and has its principal place of business in Detroit, Michigan.  (Id.)
General Motors Holdings LLC's sole member – General Motors Company – also is
incorporated in Delaware and has its principal place of business in Detroit,
Michigan.  (Id.)  *See* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props.
Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every
state of which its owners/members are citizens").  Accordingly, Defendant is a
citizen of Delaware and Michigan for the purpose of determining diversity under 28
U.S.C. § 1332(c)(1).

### 3.    Doe Defendants Are Irrelevant for Purposes of Removal.

18.    The Complaint also names as defendants "Does 1 through 25."  The
citizenship of fictitious "Doe" defendants, however, shall be disregarded as the
inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on
removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998);
28 U.S.C. § 1441(a) (stating that for purposes of removal, the citizenship of
defendants sued under fictitious names shall be disregarded).

### 4.    Individual Defendant Brewster Is a Sham Defendant and Must Be Disregarded for Purposes of Removal.

19.    Under 28 U.S.C. § 1441(b), actions are removable if "none of the
parties in interest properly joined and served as defendants is a citizen of the State
in which such action is brought."  Here, Plaintiff apparently attempts to avoid
removal by improperly naming Brewster as an individual defendant in the
Complaint.

20.    A non-diverse party named in a lawsuit must be disregarded if that
party's joinder is fraudulent.  *See Morris v. Princess Cruises, Inc*., 236 F. 3d 1061,
1067 (9th Cir. 2001); *McCabe*, 811 F.2d at 1339.  As the court held in *McCabe*,
"[i]f the plaintiff fails to state a cause of action against a resident defendant, and the
failure is obvious according to the settled rules of the state, the joinder of the
resident defendant is fraudulent."  *McCabe*, 811 F.2d at 1339.  The issue in a

fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318-19 (9th Cir. 1998) (citations omitted).

21. Many courts have compared the fraudulent joinder standard to the standard for judging a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *TPS Utilicom Serv., Inc. v. AT & T Corp*., 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis"); *Archuleta v. Am. Airlines, Inc*., 2000 WL 656808, at *11 (C.D. Cal. May 12, 2000) (the fraudulent joinder standard "is similar to that employed in deciding motions to dismiss under Rule 12(b)(6)"). The Court may consider declarations or other evidence on the issue of whether a particular defendant's joinder is a "sham." *W. Am. Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 n. 6 (9th Cir. 1985).

22. Since *Twombly*, the 12(b)(6) standard requires that plaintiffs plead factual allegations sufficient to "raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must plead a "statement of circumstances, occurrences and events in support of the claim presented." *Id.* n.3. The Supreme Court stressed that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" and that "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (citations omitted). Since federal pleading standards apply in federal court, Plaintiff's Complaint here must be viewed through the lens of *Twombly* to determine whether Plaintiff failed to state a claim against Brewster and, thus, whether he is fraudulently joined.

23.     In employment cases like this one, courts disregard the citizenship of individual defendants like Brewster where the plaintiff has not alleged facts sufficient to state a cause of action against him.  *See*, *e.g.*, *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, at *12-13 (E.D. Cal. Jan. 11, 2011) (denying motion to remand and holding that individual defendant was fraudulently joined where plaintiff did not plead sufficient facts to support a claim for intentional infliction of emotion distress against individual manager); *Kobos v. Schwan's Home Serv., Inc*., 2009 WL 2425399, at *3-4 (E.D. Cal. Aug. 7, 2009) (same).

a.     *Plaintiff Fails to State a Claim Against Brewster for Intention Infliction of Emotional Distress.*

24.     Out of the eight claims set forth in the Complaint, Brewster is only named as a defendant in *one* claim:  Intentional Infliction of Emotional Distress ("IIED") (*See* Compl., at p. 13).

25.     Plaintiff cannot state a viable claim of IIED against Brewster.  To prove a claim of IIED, Plaintiff must demonstrate:  (1) extreme and outrageous conduct by the defendant; (2) committed with the intention to cause, or with reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's severe emotional suffering; and (4) actual and proximate causation of the emotional distress.  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009); *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).  To be outrageous, the conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Cochran*, 65 Cal. App. 4th at 494.  "'Severe emotional distress' is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it."  CACI 1604; *Fletcher v. W. Nat'l Life Ins. Co*., 10 Cal. App. 3d 376, 396 (1970).  Mere insults, indignities, or annoyances are not actionable.  *Newby v. Alto Riviera*, 60 Cal. App. 3d 288, 297 (1976).

26.   In asserting his IIED claim against Brewster, Plaintiff makes the following allegations in *wholly* conclusory fashion, without any factual explanation or support:

- "[a]t the end of his shift, PLAINTIFF was summoned by supervisor/foreman BREWSTER.  PLAINTIFF was then terminated that day by BREWSTER for allegedly having too many absences." (Compl., ¶ 17);

- "[a]t all times mentioned herein, BREWSTER subjected PLAINTIFF to a persistent pattern of unlawful discrimination and harassment based on PLAINTIFF'S disability and/or medical condition through BREWSTER'S actions.  Specifically, BREWSTER targeted PLAINTIFF because [sic] his disability and terminated his employment because of it."  (Compl., ¶ 81);

- "PLAINTIFF is informed and believes, and thereupon alleges, that DEFENDANTS were aware of the despicable conduct perpetrated by BREWSTER against PLAINTIFF given that BREWSTER was the supervisor of PLAINTIFF at COMPANY."  (Compl., ¶ 82);

- "[t]he COMPANY and BREWSTER ratified such conduct by caring [sic] it out, and failing and refusing to take any and all reasonable steps necessary to prevent such conduct from occurring, by failing to take appropriate corrective action following such conduct."  (Compl., ¶ 83);

- "BREWSTER and the COMPANY'S actions were extreme, outrageous, intentional, beyond the bounds of decency, and malicious, and done with reckless disregard of the fact that they would likely cause PLAINTIFF to suffer severe emotional and physical distress." (Compl., ¶ 84);

- "[a]s a direct and proximate result of BREWSTER'S unlawful conduct, and the COMPANY'S unwillingness to abide by the law and end the

1   harassment, PLAINTIFF, has been detrimentally harmed."  (Compl., ¶

2   85);

3   •   "[a]s a direct and proximate result of BREWSTER'S unlawful

4   conduct, PLAINTIFF suffered general damages in an amount to be

5   determined at trial."  (Compl., ¶ 86); and

6   •   "BREWSTER and the COMPANY, acted oppressively and

7   maliciously and engaged in despicable conduct with a willful and

8   conscious disregard of PLAINTIFF'S rights, and his emotional and

9   physical well-being. BREWSTER and the COMPANY conduct was

10   done knowingly, willfully and with malicious intent and PLAINTIFF

11   is entitled to punitive damages against BREWSTER and the

12   COMPANY in an amount to be determined by proof at trial."

13   (Compl., ¶ 87).

14   27.   As discussed above, the only purportedly factual allegation in the

15   Complaint specific to Brewster is that at the end of Plaintiff's shift one day,

16   Brewster called Plaintiff and terminated Plaintiff for allegedly having too many

17   absences.  (Compl., ¶ 17.)  Plaintiff's allegation is insufficient to assert an IIED

18   claim against Brewster.

19   28.   Moreover, Plaintiff cannot establish the required elements of an IIED

20   claim as to all Defendants, including Brewster, because Plaintiff fails to allege any

21   conduct that "exceed all bounds of that usually tolerated in a civilized community."

22   *Cochran*, 65 Cal. App. 4th at 494; *Fletcher*, 10 Cal. App. 3d at 396.  "A simple

23   pleading of personnel management activity is insufficient to support a claim of

24   [IIED], even if improper motivation is alleged."  *Janken v. GM Hughes Electronics*,

25   46 Cal. App. 4th 55, 80 (1996).  Even where employment decisions are improperly

26   motivated, which Defendant disputes is the case here, management decisions fall

27   short of the "outrageous conduct beyond all bounds of decency" required to

28   maintain an IIED claim.  *Helgeson v. Am. Int'l Grp., Inc.*, 44 F. Supp. 2d 1091,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

1095 (S.D. Cal. 1999) (citing multiple opinions where personnel decisions were found insufficient to base an IIED claim). Because Plaintiff's allegations concerning Brewster are based solely on Brewster's management and supervision of Plaintiff as an employee of Defendant, Brewster's actions (including the termination of Plaintiff) cannot form the basis of an IIED claim. *See Janken*, 46 Cal. App. 4th at 80 ("[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society").

29.     Further, Plaintiff's IIED claim against all Defendants, including Brewster, is barred by the Workers' Compensation Act which provides the exclusive remedy for workplace injuries. *See Mueller v. Cnty. of Los Angeles*, 176 Cal. App. 4th 809, 823 (2009) (affirming "there is no independent recovery for intentional infliction of emotional distress in the employment arena because that injury comes under the exclusive remedy of worker's compensation law" and dismissing employment-related IIED claims); *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990) ("[e]ven if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions").

30.     Accordingly, there is no possibility that Plaintiff can establish liability against Brewster on his IIED claim. Thus, it is clear that Plaintiff's IIED claim against Brewster is merely a sham, and Brewster's citizenship must be disregarded for purposes of removal.

### B.     The Amount-in-Controversy Requirement Is Satisfied.

31.     To establish diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). While Defendant denies any liability as to Plaintiff, the amount in controversy is determined based on Plaintiff's allegations in the Complaint, which the Court must assume are true. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.

Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("[i]n measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe"); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (noting that the court must assume the complaint's allegations are true).

32.     Courts consider all recoverable damages, including all damages, penalties, and attorneys' fees, in determining whether the jurisdictional minimum is met.  *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977) (*superseded by statute on other grounds*); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

33.     A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  To establish jurisdiction, the short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.*

34.     Here, the Prayer for Relief in Plaintiff's Complaint alleges that Plaintiff believes his compensatory damages "to be in excess of $500,000.00" and his mental and emotional distress damages "to be in excess of $500,000.00." (Compl., Prayer for Relief, ¶¶ 1-2.)  While Defendant denies any and all liability to Plaintiff, there can be no doubt that Plaintiff's allegations establish that the amount in controversy exceeds $75,000, exclusive of interests and costs.

## V.     ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

35.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

36.     Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

37.     By this Notice of Removal and the exhibits hereto, Defendant does not intend to make any admissions of fact, law, or liability relating to the claims in the Complaint, and Defendant expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## VI.    CONCLUSION

38.     **NOW THEREFORE**, Defendant respectfully requests that this action be removed from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated:  March 5, 2020                    MORGAN, LEWIS & BOCKIUS LLP


                                         By  */s/ Kathy H. Gao*
                                         Kathy H. Gao
                                         Megan McDonough
                                         Attorneys for Defendant
                                         GENERAL MOTORS LLC